Filed 10/17/25  P. v. Thornton CA1/4

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION FOUR

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>JALEN JUWAN THORNTON,<br><br>    Defendant and Appellant. | A172858<br><br>(Alameda County<br>Super. Ct. No. 175047) |

Defendant Jalen Juwan Thornton pled no contest in criminal court in 2014 to a charge of attempted murder and a related enhancement and was sentenced to 17 years in prison.[1]  Thornton was 16 years old at the time of the offense.  In early 2025, at Thornton's request, the trial court recalled his sentence pursuant to Penal Code section 1172.1.[2]  After a hearing, the court resentenced Thornton to a prison term of 17 years.

_____

[1] "We will use the terms 'adult court' and 'criminal court' interchangeably to refer to the court system for adults and juveniles who are tried as adults, and to distinguish that system from the juvenile court system, where most juvenile matters are handled."  (*People v. Superior Court* (*Lara*) (2018) 4 Cal.5th 299, 303, fn. 1 (*Lara*).)

[2] Undesignated statutory references are to the Penal Code.

1

On appeal, Thornton contends that, upon recalling his sentence under section 1172.1, the trial court should have certified his case to juvenile court for a transfer hearing under Proposition 57 (as approved by voters, Gen. Elec. (Nov. 8, 2016)) (Proposition 57). The Attorney General concedes this point, and we accept the concession. We will conditionally reverse the judgment and remand for the juvenile court to determine whether it would have transferred Thornton to criminal court under current law.[3]

## I. BACKGROUND

Thornton was charged by complaint with six counts of attempted murder (§§ 187, subd. (a), 664) and one count of shooting at an occupied motor vehicle (§ 246), as well as firearm and gang enhancements. According to the probation report, the charges arose from two shootings on city buses in the fall of 2013. Thornton admitted his involvement in one of the shootings.

In late 2014, Thornton pled no contest to one count of attempted murder, with an enhancement for personal use of a firearm (§ 12022.53, subd. (b)), as part of a plea agreement that provided he would be sentenced to prison for a term of 17 years. The prosecution dismissed the remaining charges and enhancements. Consistent with the plea agreement, the trial court imposed a 17-year prison term, which included a seven-year midterm

---

[3] In his opening appellate brief, Thornton presented an alternative argument, contending that if his case is not remanded to juvenile court, the sentence imposed by the trial court at resentencing should be vacated because the court allegedly did not adequately explain its sentencing decisions. But following the Attorney General's concession as to Thornton's primary argument that he is entitled to a juvenile court transfer hearing under Proposition 57, Thornton's counsel submitted a letter stating Thornton will not file a reply brief and is withdrawing his alternative claim that the trial court committed error during the resentencing hearing.

2

sentence for attempted murder and a 10-year term for the firearm use enhancement.

In January 2025, Thornton, through counsel, invited the superior court to recall his sentence under section 1172.1.[4] Thornton asked the court to recall his sentence and then to (1) resentence him to a shorter term in state prison (which would result in his release from custody, given the amount of time he had served), or (2) "certify the matter back to juvenile court for a transfer hearing" pursuant to Proposition 57, to determine whether his case would remain there or return to criminal court.

At a hearing in March 2025, the trial court recalled Thornton's sentence. But in resentencing Thornton, the court decided to reimpose a 17-year sentence. The court denied defense counsel's request to transfer the case to juvenile court.

Thornton appealed.

---

[4] Section 1172.1, subdivision (a)(1) states: "When a defendant, upon conviction for a felony offense, has been committed to the custody of the Secretary of the Department of Corrections and Rehabilitation or to the custody of the county correctional administrator pursuant to subdivision (h) of Section 1170, the court may, on its own motion, within 120 days of the date of commitment or at any time if the applicable sentencing laws at the time of original sentencing are subsequently changed by new statutory authority or case law, at any time upon the recommendation of the secretary or the Board of Parole Hearings in the case of a defendant incarcerated in state prison, the county correctional administrator in the case of a defendant incarcerated in county jail, the district attorney of the county in which the defendant was sentenced, or the Attorney General if the Department of Justice originally prosecuted the case, recall the sentence and commitment previously ordered and resentence the defendant in the same manner as if they had not previously been sentenced, whether or not the defendant is still in custody, and provided the new sentence, if any, is no greater than the initial sentence. Recall and resentencing under this section may be initiated by the original sentencing judge, a judge designated by the presiding judge, or any judge with jurisdiction in the case."

3

## II. DISCUSSION

The parties agree that, upon recalling Thornton's sentence pursuant to section 1172.1, the trial court was required under Proposition 57 to certify the case to juvenile court. We accept the Attorney General's concession on this point, and we will conditionally reverse the judgment and remand for the juvenile court to conduct a transfer hearing.

At the time of Thornton's offense, "prosecutors were permitted, and sometimes required, to file charges against a juvenile directly in criminal court, where the juvenile would be treated as an adult." (*Lara*, *supra*, 4 Cal.5th at p. 305.) In 2016, the voters approved Proposition 57, which eliminated prosecutors' ability to file charges directly against minors in adult court. (*Lara*, at p. 303.) After Proposition 57, a juvenile court must first conduct a " 'transfer hearing' " to determine whether the matter should remain in juvenile court or be transferred to adult court. (*Lara*, at p. 303.) To make this determination, the juvenile court must consider various factors, including " 'the minor's maturity, degree of criminal sophistication, prior delinquent history, and whether the minor can be rehabilitated.' " (*Id.* at p. 305.)

Proposition 57 applies retroactively to nonfinal judgments. (*Lara*, *supra*, 4 Cal.5th at pp. 303–304.) And when a defendant's sentence is vacated or recalled, Proposition 57 applies retroactively because any new sentence is not yet final. In *People v. Padilla* (2022) 13 Cal.5th 152, 158, the California Supreme Court held Proposition 57 applied when a criminal court sentence that was imposed on a juvenile offender before the initiative's passage was later vacated on habeas corpus. The court explained: "Because the judgment in Padilla's case became nonfinal when his sentence was

vacated on habeas corpus, Proposition 57 applies to his resentencing." (*Padilla,* at p. 170.)

We considered a similar question in *People v. Lopez* (2020) 56 Cal.App.5th 835, 839–840, review granted January 27, 2021, S265936, review dismissed July 20, 2022, where the defendant was tried and convicted in adult court for charges based on his actions as a minor.  The defendant's sentence was later recalled under section 1170, former subdivision (d)(1) (a predecessor of § 1172.1), and the trial court resentenced the defendant.  (*Lopez*, at p. 840.)  We held that, "Applying *Lara*'s conclusion that Proposition 57 applies retroactively to any judgment that is not final to defendant's new sentence, we conclude the new sentence is not final and so he is entitled to a retroactive transfer hearing in juvenile court."  (*Id.* at p. 845; accord, e.g., *People v. Montes* (2021) 70 Cal.App.5th 35, 48 [same conclusion under different resentencing provision].)

Here, the recall of Thornton's sentence effectively vacated the earlier judgment, so Proposition 57 applies retroactively and requires that he receive a transfer hearing in juvenile court.  (See *People v. Padilla, supra,* 13 Cal.5th at p. 161; *People v. Montes, supra,* 70 Cal.App.5th at p. 48.)

### III. DISPOSITION

The judgment of the criminal court is conditionally reversed.  The cause is remanded to the juvenile court with directions to conduct, no later than 90 days from the filing of the remittitur, a hearing to determine if it would have transferred the cause to adult criminal court had it originally been filed in juvenile court in accordance with current law.  If the juvenile court determines it would not have transferred the cause to criminal court under current law, it shall treat Thornton's convictions as juvenile adjudications as of the date Thornton was convicted and impose an

5

appropriate disposition within its usual timeframe. If the juvenile court determines it would have transferred Thornton to adult criminal court, it shall transfer the case to criminal court, which shall then reinstate Thornton's new sentence.

STREETER, J.

WE CONCUR:

BROWN, P. J.
CLAY, J.*

---

* Judge of the Alameda Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.